IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN BRADSHAW, #272572　　　　　　*
　　　　　Plaintiff,
　v.　　　　　　　　　　　　　　　　　*　CIVIL ACTION NO. AW-06-998

NURSE TSEHA TESEMMA- CMS　　　　　*

　　　　　Defendant.　　　　　　　　*
　　　　　　　　　　　　　　　　　　***

## MEMORANDUM

In this 42 U.S.C. § 1983 civil rights complaint for $75,000.00 in damages, Plaintiff alleges that Defendant, a Maryland House of Correction Annex ("MHC-A") nurse,[1] refused to give him his pain medication on the mornings of January 9, January 12, and January 13, 2006. Paper No. 1.

I. *Dispositive Filings*

Currently pending before the Court is Defendant's unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 10. The matter may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, Defendant's response, treated as a summary judgment motion, shall be granted.

II. *Standard of Review*

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case

---

[1]　Effective March 1, 2006, MHC-A is known as the Jessup Correctional Institution.

as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

A prisoner presenting a denial of medical care claim in violation of the Eighth Amendment must prove two essential elements. First, he must satisfy the "objective" component by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If this first element is satisfied, the prisoner must then prove the subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of prison officials or health care personnel. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. Healthcare staff are not, however, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

III.   *Analysis*

The following information is adduced from the exhibit evidence presented to the Court. Plaintiff has a history of migraines. On December 29, 2005, Dr. Dawit Yohannes ordered that Plaintiff take two Midrin[2] tablets at the onset of a migraine, follow by two additional Midrin tablets every twelve hours as needed. Paper No. 10, Ex. A, Tesemma Decl.; Ex. B at 4.

Defendant works the overnight shift at MHC-A, which generally ends at 8:00 a.m. *Id*., Ex. A, Tesemma Decl. On January 9, 2006, Plaintiff did not request Midrin for a headache during Defendant's shift. *Id*. He did receive Midrin in the morning and evening of January 9, 2006. *Id*., Ex. B at 11. On January 10, 2006, Physician's Assistant John Moss ordered the Plaintiff take two Tylenol #3[3] tablets every eight hours as needed for jaw pain. *Id*, Ex. A, Tesemma Decl.; Ex. B at 4-5 & 8-12. On January 12, 2006, at 3:00 a.m., Plaintiff requested pain medication. *Id*., Ex. A, Tesemma Decl.; Ex. B at 8-12. As the nurse of the shift before Defendant had administered both Midrin and Tylenol #3 to Plaintiff at 9:50 p.m., Nurse Tesemma believed it too soon to give Plaintiff an additional dose of either medication. *Id*. Plaintiff received Tylenol #3 at 9:00 a.m. and 4:30 p.m. on January 12, 2006. *Id*., Ex. B at 12. On January 13, 2006, at 8:00 a.m., Plaintiff came to the medical unit and requested that Defendant give him both Midrin and Tylenol #3 at the same time. *Id*., Ex. A, Tesemma Decl.; Ex. B at 6. At 8:10 a.m. Defendant gave Plaintiff the Midrin as ordered, but felt uncomfortable administering both medications at the same time, because of drug interaction and potential adverse side effects. *Id*. Defendant called Dr. Kasahun Tmesgen for guidance

---

[2]   Midrin is indicated for relief of tension and vascular headaches. Physician's Desk Reference at 3396 (58th Ed. 2004).

[3]   Tylenol #3 is comprised of acetaminophen with codeine, a narcotic. Paper No. 10, Ex. A, Tessema Decl.

regarding the simultaneous administration of the Midrin and Tylenol #3. *Id.* Dr. Temesgen verbally instructed Defendant not to administer the medications at the same time and directed that they were to be given at least two hours apart. *Id.*, Ex. A, Tesemma Decl.; Ex. B at 6–7. Defendant informed Plaintiff of Dr. Temesgen's order and advised Plaintiff that, if he was still in pain, he could receive the Tylenol #3 in two hours. *Id.* Plaintiff was given the option of either returning to the dispensary or waiting in the medical unit for the two-hour period. *Id.* Defendant affirms that she reported off to the day duty nurse and had no further contact with Plaintiff on January 13, 2006. Paper No. 10, Ex. A, Tesemma Decl.; Ex. B at 6-8 & 10-12.   According to the record, on January 13, 2006, Plaintiff received Tylenol #3 later during the day shift and a second dose of Midrin later that night. *Id.*, Ex. B at 11-12.

Defendant states that three sick-call forms, dated January 9, January 12, and January 13, 2006, were submitted by Plaintiff, but she maintains that all three forms were not received by medical personnel until April 17, 2006. *Id*, Ex. A, Tesemma Decl.; Ex. B at 1-3.

The Court finds that Plaintiff has failed to refute the record before this Court in order to establish a claim of Eight Amendment deliberate indifference.  An overview of Plaintiff's medication regimen over the four days in question reveals no record that Plaintiff requested pain medication during Defendant's shift on January 9, 2006. Plaintiff did, however, receive pain medication as directed on January 9 and January 10, 2006. Further, on January 12 and January 13, 2006, Plaintiff received his pain medication in the prescribed dosage and time in compliance with physician's orders. Defendant affirms that her actions on those latter two days were taken to ensure that: (1) Plaintiff receive his Midrin every twelve hours and his Tylenol #3 every eight hours, and (2) both medications be given at least two hours apart.

Plaintiff's complaint comes down to a disagreement with Defendant's decisions to refuse to provide him the pain analgesics and narcotics on demand. Defendant's response to Plaintiff's requests were, however, taken in consideration of potential over-medication and drug interaction. Plaintiff was never denied access to the medications and his pain medication distribution followed doctor's orders. As correctly noted, he does not have a free-standing right to receive a specific medication for pain at a specific time, particularly when– in the opinion of medical personnel– the receipt may endanger his life.

IV.   *Conclusion*

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby granted. Judgment is entered in favor of Defendant and against Plaintiff. A separate Order follows.


Date:   <u>August 30, 2006</u>                         <u>         /s/                    </u>
                                                Alexander Williams Jr.
                                                United States District Judge